# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-00348-W

| | |
|---|---|
| MARLENE C. PULLEY, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| SECRETARY JANET NAPOLITANO, ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 32). The parties have fully briefed this motion, and on March 26, 2010, the Court conducted a hearing and received oral argument from the parties. For the reasons that follow, the Court GRANTS Defendant's motion.

### BACKGROUND

The following summary of the background in this case considers the undisputed facts, or in cases where the facts are disputed, the facts in the light most favorable to Plaintiff. Plaintiff, who was fifty-seven years old at the time of the alleged wrongdoing, filed this pro se Complaint alleging causes of action for age discrimination and retaliation. The Court previously granted the Government's motion to dismiss her retaliation claim for failure to exhaust her administrative remedies (Doc. No. 21), thus leaving discrimination as the sole remaining claim. Defendant has now moved for summary judgment on the discrimination claim. Plaintiff responded in a "verified" brief and also provided exhibits to support her position. (Doc. No. 35).

In March 2002, Plaintiff, a long time federal employee, transferred from the Federal Aviation Administration to Transportation Security Administration and was assigned to the Workforce Management Staff, a position that she held until she was requested to join the Payroll Programs Office ("PPO") within the Office of Human Capital ("OHC") in October 2004. Plaintiff's PPO unit was responsible for approving and processing payroll and personnel issues. Other employees within this unit in 2005 included forty-four year old Susan B.,[1] thirty-six year old Cynthia H., thirty-three year old Julia E., thirty-two year old Jamie P., and twenty-six year old Michael K. Plaintiff's direct supervisor was fifty-eight year old Carene K. Her second line supervisor was thirty-seven year old Mark E., and her third line supervisor was fifty-five year old Linda P.

At the time Plaintiff joined the PPO, OHC was preparing to shift its payroll systems, which required transferring the payroll history of tens of thousands of federal employees from one system to a different database system, while making sure the transferred information was accurate and usable in the new program. This shift is referred to by the parties as the "Migration." According to Plaintiff, she was recruited to her new position to assist with the Migration because she could help maintain the old system during the Migration to keep it up accurate and up to date, as well as resolve issues concerning the old system as they arose. One of her supervisors, Mark E., testified that Plaintiff was an expert on the old system.

The Migration Team consisted of eleven employees from different groups and organizations, not just PPO. Approximately fifty percent of the Migration team included individuals who were over forty years of age. Plaintiff attended some training classes on the new payroll systems and

---

[1] As discussed below in the analysis section, Plaintiff contends that although Susan B. worked in the PPO department, she had a different supervisor than Plaintiff, and thus, is not a true comparator for purposes of the discrimination analysis.

attended some meetings on the Migration, but she never specifically asked for a different role related to the new system or Migration and did not work substantial overtime in connection with the Migration.

The heart of Plaintiff's claim relates to the award of cash bonuses and pay adjustments given to employees who worked on the Migration. The evidence shows that in 2006, Mike K., who was thirty-three years old at the time, and Julia E., who was thirty-two, received cash awards of $3,000 each specifically for their work on the Migration project. Cynthia H., who was thirty-six years old, also received a $1,000 award for work on the Migration. The evidence also shows that Susan B., who was a forty-four year old member of the PPO team (until January 2006 when she was promoted), received a $3,000 award related to her participation in the Migration, as did Plaintiff's supervisor Carene K., who was fifty-eight at the relevant time. Plaintiff contends that Mike K. and Julia E. also received a pay increase around the same time as the cash awards, and that Cynthia H. received a pay increase in November 2005. Notably, however, other than Plaintiff's statements in her verified pleadings, there is no evidence to demonstrate that the pay increases were solely the result of the employee's work on the Migration.

Plaintiff did not initially receive a cash award and subsequently complained to her supervisors. After reviewing her work, Plaintiff eventually received a $500 cash award in February 2006, which her supervisors felt was commensurate with her role and contribution to the Migration.

### ANALYSIS

The standard to review Plaintiff's sole claim for age discrimination is well rooted in case law. The Age Discrimination in Employment Act makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's age." 29 U.S.C. § 623(a)(1). This prohibition only protects those individuals who are at least forty years of age at the time of the alleged discriminatory acts. 29 U.S.C. § 631(a). Because Plaintiff does not have direct or indirect evidence sufficient to show discrimination, the standard of proof set forth for Title VII cases in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies. See Burns v. AAF-McQuay, Inc., 96 F.3d 728, 731 (4th Cir. 1996) (citations omitted). Under the McDonnell Douglas framework, Plaintiff must first make a showing of a prima facie case, which requires her to show that (1) she was over forty; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) someone outside her protected class (under forty years old) received more favorable treatment. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc). Essentially, Plaintiff must show that the circumstantial evidence creates an inference of intentional discrimination based on age. If Plaintiff can make these showings, the burden shifts to Defendant to "articulate a legitimate, nondiscriminatory reason for the adverse employment action." Id. Once the defendant does so, "the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the employer's stated reasons 'were not its true reasons, but were a pretext for discrimination.'" Id. (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000)).

The first element is uncontested, and, taking the evidence in the light most favorable to Plaintiff as the non-moving party, the third element is also satisfied. The parties do not dispute that Plaintiff assisted with the Migration, although the level and value of her assistance are contested between the parties. Viewing the evidence in the light most favorable to Plaintiff, she assisted in some capacity on the Migration project, and therefore, was performing her duties at a level that met her employer's legitimate expectations.

Turning to the second and fourth elements of the prima facie case, Plaintiff contends that Defendant's failure to provide her a bonus and an increase in salary are adverse employment actions because members of her team who were younger than forty received both. As to the second element, Plaintiff has provided no evidence that her peers received salary increases solely as a result of their work on the Migration project. Plaintiff's brief in opposition to the instant motion notes that she seeks to establish this fact through "Defendant's witnesses," but the materials submitted in response to Defendant's motion are completely lacking of any evidence to show salary increases were given based on participation in the Migration. Instead, Defendant's evidence indicates that any salary increases were attributable to the employees' performance over all, not just their work on the Migration project. Accordingly, Plaintiff cannot show that she suffered an adverse employment action. Thus, her claim for discrimination related to the salary increases fails for her failure to satisfy this second element of the prima facie case.

Looking to the cash awards, or bonuses, case law–which is set forth on pages 9 and 10 in Defendant's brief and hereby incorporated by reference– indicates that some courts have recognized that a discretionary bonus or cash award does not constitute an adverse employment action. See, e.g., Schamann v. O'Keefe, 314 F. Supp. 2d 515, 531 (D. Md. 2004) (noting that "As a matter of law, however, the non-receipt of a discretionary bonus does not constitute an adverse employment action." and citing Rabinovitz v. Pena, 89 F.3d 482, 488-89 (7th Cir.1996); Harrington v. Harris, 118 F.3d 359, 366 (5th Cir.1997)). Under the facts of this case, the Court finds it difficult to conclude that Plaintiff suffered an adverse employment action because of the undisputed fact that she received a discretionary cash award, albeit smaller than some of her peers. Nevertheless, because the Fourth Circuit has not clearly spoken on this issue, the Court will presume for the sake of argument that Plaintiff has shown an adverse employment action through Defendant's award of

a lesser amount than her peers, thus satisfying the second element of the prima facie case as it relates to the bonuses related to work on the Migration.

Next, looking at the fourth prong, the undisputed evidence shows that members of the Migration team who worked in Plaintiff's department and were younger than forty received bonuses. The mere fact that this satisfies the prima facie case, in the Court's opinion, is not dispositive. The Fourth Circuit, in Miles v. Dell, Inc., 429 F.3d 480 (2005), recognized that in some instances, courts may recognize an exception to this fourth prong. In Miles, the Fourth Circuit stated:

> For example, when a female plaintiff is fired and the employer replaces her with another woman, that fact at least tends to show that the employer's motivation for firing the plaintiff was not her sex, because an employer is unlikely to hire a female replacement if its reason for firing the plaintiff was that she was female. In other words, replacement within the protected class gives rise to an inference of non-discrimination with respect to the protected status. The fourth prong requires plaintiffs, as part of their prima facie case, to eliminate this inference of non-discrimination.

Id. at 488.

Here, two key, undisputed facts significantly undermine Plaintiff's ability to prove discrimination. First, although three members of Plaintiff's department who were younger than forty received bonuses, Susan B., an employee in Plaintiff's department who was over the age of 40, received a bonus as a result of her efforts on the Migration. Secondly, other members of the Migration team who were of a comparable age to Plaintiff but worked in other departments also received a cash award. Linda Petersen, as the person in charge of primary oversight and coordinator for the Migration, decided how to divide approximately $30,000 that was earmarked to reward employees who put forth an extra effort to provide substantial assistance with the Migration. Although supervisors, including Plaintiff's supervisor Carene K., may have provided recommendations as to who they thought might be worthy of a bonus, the uncontroverted evidence

shows Ms. Petersen made the ultimate decision of who would receive a bonus and in what amount the employees should be awarded. Plaintiff has not shown that the decision to give any of these employees cash awards for their performance on the Migration was to disguise Defendant's act of discrimination against Plaintiff. See Miles, 429 F.3d 488-89. A third notable but less significant fact concerns the evidence that shows that an employee in Plaintiff's department who was under forty, Jamie P., received a cash award less than what Plaintiff received, although no evidence shows this award was related to Jamie P.'s participation (or lack thereof) in the Migration.

      Finally, the Court notes that at a hearing on the motion at bar, Plaintiff was asked about her lack of evidence to show discrimination and even offered additional time to collect such evidence. Plaintiff admitted that she could not obtain evidence to support her discrimination claim because "people are really afraid to speak up and say the truth, you know, because of their job situations." Instead, according to Plaintiff, her main proof of discrimination was the following statement: "You know, I'm just, you know, just trying to present the facts and I know they are true. I know that. . . . There's something there. I just can't pull it out because I don't have the money to make it happen. But if this really was – if the defendant had a case legitimately, it wouldn't have taken five years to get to this point." While the Court is sympathetic to Plaintiff's beliefs and her attempts to provide evidence to support her claim, as evidenced by her well-organized submission of documents provided with her response in opposition to the instant motion, neither Plaintiff's beliefs nor the evidence submitted are sufficient to support her claim for age discrimination. Papasan v. Allain, 478 U.S. 265, 286 (1986) (courts need not assume the truth of legal conclusions couched as factual allegations); see also Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987) ("Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.' "). Accordingly,

considering the evidence as a whole and construing it in the light most favorable to Plaintiff, the Court finds that she cannot establish a prima facie case because she can not show that she was a victim of intentional discrimination.

Even if Plaintiff could make out a prima facie case, Defendant has shown a legitimate nondiscriminatory reason for its decision to give Plaintiff a lesser bonus. Defendant explains and sufficient evidence shows that while Plaintiff's maintenance of the legacy system was important to the Migration, those who received larger bonuses showed exemplary performance with direct involvement in the Migration project, attended more training classes than Plaintiff, and, as Plaintiff admitted in oral argument, worked more overtime on the Migration project than Plaintiff. Moreover, although Plaintiff may have been one of the more experienced people working on the legacy system, she was not the sole employee responsible for doing so. Thus, while Plaintiff's efforts appear to have aided in the Migration, Defendant appears to have reasonably concluded that her performance was not as instrumental in the Migration as that of her coworkers who received higher cash awards. Considering all of the evidence, this justifies Defendant's decision to award Plaintiff a lesser amount than her peers. Additionally, Defendant's award of bonuses to members of the migration project who were over forty years old and were close in age to Plaintiff further supports Defendant's articulated reason.

To the extent Plaintiff could make a prima facie showing regarding the salary increases, which the Court has already concluded she can not, Defendant explains that such decisions were based on individualized considerations of those employee's work history and their overall performance, not just on the Migration project. This, too, demonstrates a legitimate, nondiscriminatory reason for Defendant's actions.

Finally, Plaintiff has not provided any evidence to show that Defendant's legitimate, nondiscriminatory reasons for failing to provide her with a higher bonus or increase in salary are pretextual. Again, it is worth repeating that the fact that Susan B., an employee over the age of 40 in Plaintiff's department, received a bonus and was later promoted to a supervisory position hinders Plaintiff's ability, under the facts of this case, to show pretext. Plaintiff admitted during oral argument that she did not have any evidence nor could she obtain evidence to show Defendant's articulated reasons for awarding her a lesser bonus and for not increasing her salary were pretextual. The Court appreciates Plaintiff's honesty at oral argument in admitting that she did not have any evidence to contest Defendant's legitimate reasons for neither providing her a larger bonus nor giving her a salary increase; however, such concession, along with a lack of any evidence, is fatal to her discrimination claim.

## Conclusion

In conclusion, construing the facts in the light most favorable to Plaintiff as the non-moving party, a reasonable jury could not find that Plaintiff suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination. As the Court stated early on in this case, Plaintiff should be commended for her long history of public service as a federal employee. Nevertheless, she has not produced sufficient evidence entitling her to recover for age discrimination. Accordingly, Defendant is entitled to summary judgment and the motion is granted.

IT IS, THEREFORE, ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 32) is GRANTED. The CLERK is DIRECTED to close this case and terminate the trial setting in this matter. The CLERK shall also SERVE a copy of this Order to the pro se Plaintiff's address of record.

IT IS SO ORDERED.

Signed: April 9, 2010

Frank D. Whitney
United States District Judge